UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| MONA CURL | CASE NO. 2:18-CV-01225 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| USA, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss or, in the alternative, Motion for Summary Judgment [doc. 11] filed by defendant, the United States of America ("government"), in response to the complaint filed by plaintiff Mona Curl under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Plaintiff opposes the motion.

I.
BACKGROUND

This suit arises from injuries allegedly sustained by plaintiff on the premises of a United States Postal Service ("USPS") building, known as the Moss Bluff Station, in Calcasieu Parish, Louisiana. Doc. 1. The building was leased to USPS by Finley L. Ponthie, LLC ("Ponthie") under a fixed term lease first effective from 1998 to 2013 and renewed through June 25, 2018.[1] Doc. 11, att. 4, ¶¶ 2–4. The lease contains a maintenance rider, under which Ponthie is responsible for maintaining the premises "in good repair and

---

[1] The original lessors were Ross and Grace Ponthie. Doc. 11, att. 4, ¶ 3. Finley L. Ponthie, LLC became the lessor upon renewal. *Id.* at ¶ 4.

tenantable condition." *Id.* at p. 16. USPS is required to give Ponthie written notice whenever a need for maintenance or repair under the rider arises. *Id.*

On July 28, 2017, USPS reported a leak in the roof at the Moss Bluff Station through a call to the USPS Facilities Management System. Doc. 11, att. 5, p. 2. Upon review it was determined that the landlord had responsibility, and a letter was sent to Ponthie on August 2, 2017. *Id.*; doc. 11, att. 6. Ponthie responded that he had contracted with Harmon Construction for the work, and that roof replacement would begin the week of September 20, 2017. Doc. 11, att. 5, pp. 1–2.

Plaintiff alleges that she was struck in the head by a pair of vice grip pliers while exiting the Moss Bluff Station on September 29, 2017, and that these pliers fell from the roof after slipping out of a roofer's hand. *Id.* at ¶ 3. She submitted an administrative tort claim to USPS, which was denied. Doc. 16, atts. 1 & 2. She then filed suit against the government in this court, seeking monetary damages under the FTCA. Doc. 1.

The government now moves for dismissal, asserting that the FTCA's waiver of sovereign immunity does not extend to the claims asserted here and so this court lacks subject matter jurisdiction over the FTCA claims. Doc. 11, att. 1. In the alternative, it maintains that it is entitled to summary judgment on plaintiff's premises liability and negligence claims. *Id.* Plaintiff opposes the motion, arguing that she has a viable claim against the government for negligence regardless of whether it owned the building or hired the roofing contractor. Doc. 13. She has also amended her complaint twice, to join Ponthie and Rich Harmon, doing business as Harmon Construction, and to refine her allegations based on information produced by the government under this motion. Docs. 16, 24.

# II.
## LAW & APPLICATION

The FTCA operates as a waiver to the United States' sovereign immunity and permits it to be sued in federal court. *Sutton v. United States*, 819 F.2d 1289, 1292 (5th Cir. 1987). Under this statute the government may be held liable for certain torts committed by its employees, in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2674; *see, e.g., Longino v. U.S. Dep't of Agric.*, 912 F.Supp.2d 424, 429 (W.D. La. 2012). "The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction . . . and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (cleaned up).

A case is properly dismissed under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate [it]." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotations omitted). The court has the power to dismiss for lack of subject matter jurisdiction based on any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *St. Tammany Par., ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009). As the party asserting subject matter jurisdiction, the plaintiff bears the burden of proof on a 12(b)(1) motion. *Willoughby*, 730 F.3d at 479.

The government moves for dismissal, arguing that the FTCA does not extend the plaintiff's claims because she cannot show negligence on the part of any government employee and because any premises liability allegation does not give rise to a claim under the FTCA. Plaintiff does not refute the government's assertion that it cannot be held responsible for Harmon's negligence.[2] She maintains, however, that there is liability and subject matter jurisdiction under a theory of premises liability.

The source of premises liability in Louisiana law is found in Civil Code Articles 2317, 2317.1, and 2322. In order to prevail, plaintiff must show: (1) the property that caused the damage was in the defendant's custody; (2) the property had a condition that created an unreasonable risk of harm to others on the premises; (3) the condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. *E.g., Fontenot v. Fontenot*, 635 So.2d 219 (La. 1994). District courts in the Fifth Circuit are split on whether the FTCA permits claims based on state law premises liability. *Longino*, 912 F.Supp.2d at 428. Courts in this district have determined that the government can be held liable for a premises liability claim as long as the plaintiff shows that the unreasonable risk or unreasonably dangerous condition was either (1) caused by the negligent or wrongful act or omission of a federal employee, or (2) known to a federal employee, who nevertheless failed to act. *Id.* at 428–29 (citing *Janice v. United States*, 2008 WL 269530, at *6 (W.D. La. Jan. 29, 2008)).

---

[2] While the FTCA permits the government to be held liable for torts committed by its employees, this vicarious liability does not extend to independent contractors. 28 U.S.C. § 2671; *see, e.g., Robbins v. Comp. Sci. Corp.*, 486 F.Supp.2d 581, 585 (S.D. Miss. 2007).

Plaintiff alleges that an unreasonably dangerous condition existed in the form of Harmon conducting roof work on the Moss Bluff Station during business hours, and that the government may be held liable for failing to remedy this condition. In addition to the other evidence cited above, the government provides a sworn declaration from Kimberly Evans, a manager at the Moss Bluff Station. Evans met with Neil Ponthie and Rich Harmon in September 2017 at Ponthie's request, and designated an area where Harmon could store supplies for the project. Doc. 11, att. 7, ¶ 5. She states that this was the extent of USPS's involvement with the project, and that no station personnel supervised the work, participated in the work, or even visited the roof during the project. *Id.* at ¶ 6.

Plaintiff provides nothing to refute Evans's statement or to further illustrate what dangerous condition might have existed at the post office. She cannot show that any government employee caused an unreasonably dangerous condition, because she has not shown that any employee was sufficiently involved with the work. Her bare-bones allegations are also not enough to show that an unreasonably dangerous condition was known to any federal employee. Outside of the pair of pliers, she has not alleged any other falling objects or other construction site dangers. Accordingly, she has not shown that the work itself or when it was scheduled presented an unreasonable risk known to or created by a federal employee. Because plaintiff has not shown a basis for the government's liability under the FTCA, this court lacks jurisdiction over her claims against the government. Those claims must be dismissed, and the court need not consider the alternative motion for summary judgment.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 11] will be granted and the Motion for Summary Judgment [doc. 11] will be denied as moot. As a result, all claims against the United States will be dismissed without prejudice for lack of jurisdiction.

**THUS DONE** in Chambers on this ___25___ day of ___July___, 2019.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**